

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PATRICK NICHOLS,

    Plaintiff,

v.

MS. NURSE JOYCE, et al.,

    Defendants.

Civil Action No.: 23-cv-1876-LKG

Dated: August 19, 2024

## MEMORANDUM

Self-represented Plaintiff Patrick Nichols, who is currently incarcerated in St. Petersburg, Florida, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Nurse Joyce Kwadey[1] and Dr. Christopher Kircher. ECF No. 6. On February 3, 2024, Defendant Kwadey filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 20. Nichols opposes the Motion. ECF No. 22. Kwadey replied. ECF No. 28. Upon review of the Motion and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2023). For reasons that follow, Kwadey's Motion will be granted.

## Background

Nichols alleges that on October 20, 2022, Dr. Yeh gave Nichols a "bone healing machine" to use daily but Nurse Kwadey who treated him as a pretrial detainee at Montgomery County Correctional Facility ("MCCF") denied it to him, stating that he had to wait for permission from Dr. Kircher. ECF No. 6 at 4. As of the date Nichols signed the Complaint, August 18, 2023, he had not used the machine in five days. *Id.* According to Nichols, Dr. Kircher denies that he prevented him from using the machine. *Id.* Nichols further alleged that Dr. Yeh directed that he see a specialist for pain management but Dr. Kircher also refused to do so. *Id.* at 5. Nichols seeks monetary damages. *Id.*

## Standard of Review

Defendant Kwadey moves to dismiss the Amended Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the Motion, the Court

---

[1] The Clerk will be directed to amend the docket to reflect Defendant Kwadey's full and correct name.

accepts the well-pleaded allegations as true and in the light most favorable to Nichols. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## Discussion

Defendant Kwadey seeks dismissal of the Amended Complaint because Nichols has failed to state a § 1983 claim and Kwadey is entitled to qualified immunity. ECF No. 20-1.

The Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees to receive adequate medical care. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (stating that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care" to pretrial detainees "who require it") (citation omitted)). Pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). While the Fourth Circuit recognized that a pretrial detainee's protections under the Constitution could arguably be "greater" than those afforded to convicted prisoners, it historically adopted the deliberate indifference standard applicable under the Eighth Amendment for pretrial detainees. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Since

*Hill*, however, the United States Supreme Court has called into question the equivalence between the standards applied to claims by pretrial detainees and those applied to claims by post-conviction inmates.

In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Court held that, unlike the standard applied to post-conviction detainees' excessive force claims under the Eighth Amendment, the standard for pretrial detainees' excessive force claims under the Fourteenth Amendment includes no subjective component. *Id.* at 2472-73. Several circuits have extended this reasoning to hold that the standard for pretrial detainees' claims of inadequate medical care under the Fourteenth Amendment should likewise not include a subjective component. *See, e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *Miranda v. Cnty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Gordon v. Cnty. Of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018)).

In *Short v. Harman*, the Fourth Circuit joined with its sister circuits and held that the *Kingsley* objective standard for Fourteenth Amendment claims "protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" 87 F.4th 593, 608–09 (4th Cir. 2023) quoting *Kingsley*, 576 U.S. at 396–97. "To state a claim of deliberate indifference to a medical need . . . a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short*, 87 F.4th at 611. This means that a pretrial detainee "no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id.*

Here, the extent of Nichols' allegations against Nurse Kwadey is that she asserted that a doctor's order was necessary for him to use the "bone healing machine." Even assuming that Nichols' apparent fracture presented a serious medical condition, Nichols does not allege any action or failure to act on Nurse Kwadey's part which shows that she acted inappropriately or that she should have known waiting for a doctor's order would pose an unjustifiable risk of harm to Nichols. His opposition simply reiterates that Kwadey told him she needed to confirm with Dr. Kircher that he could use the machine. ECF No. 22 at 1. As such, the Court finds that Nichols'

Amended Complaint fails to state a plausible claim against Nurse Kwadey under the Fourteenth Amendment and therefore it must be dismissed against her.

## Conclusion

For the foregoing reasons, Kwadey's Motion to Dismiss will be granted. Despite the Court's previous efforts, Defendant Kircher has not been successfully served with the Amended Complaint and therefore the Court will direct another attempt at service in a separate order which follows.

_August 19, 2024_
Date

LYDIA KAY GRIGGSBY
United States District Judge