IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICK NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER KIRCHER,<br><br>    Defendant. | Civil Action No.: 23-cv-1876-LKG<br><br>Dated: September 29, 2025 |

## MEMORANDUM

On September 16, 2024, Defendant Christopher Kircher moved to dismiss Plaintiff Patrick Nichols' Amended Complaint. ECF No. 44. Thereafter, this case was stayed pursuant to ongoing bankruptcy proceedings against Defendant's employer, Wellpath, LLC. ECF No. 53. Kircher notified the Court on August 21, 2025, that this case can proceed unaffected by the bankruptcy following Nichols' timely filing opting out of the Third-Party Release. ECF No. 62. Kircher also refiled his Motion to Dismiss. ECF No. 63. Nichols opposes the refiled Motion. ECF No. 65. Kircher replied. ECF No. 68. Upon review of the Motion and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2025). For reasons that follow, Defendant's Motions will be granted.

### Background

The allegations in the Amended Complaint were previously summarized by the Court in the Memorandum issued August 20, 2024:

> Nichols alleges that on October 20, 2022, Dr. Yeh gave Nichols a "bone healing machine" to use daily but Nurse Kwadey who treated him as a pretrial detainee at Montgomery County Correctional Facility ("MCCF") denied it to him, stating that he had to wait for permission from Dr. Kircher. ECF No. 6 at 4. As of the date Nichols signed the Complaint, August 18, 2023, he had not used the machine in five days. *Id.* According to Nichols, Dr. Kircher denies that he prevented him from using the machine. *Id.* Nichols further alleged that Dr. Yeh directed that he see a specialist for pain management but Dr. Kircher also refused to do so. *Id.* at 5. Nichols seeks monetary damages. *Id.*

ECF No. 36 at 1.

## Standard of Review

Defendant Kircher moves to dismiss the Amended Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the Motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to Nichols. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## Discussion

Defendant Kircher seeks dismissal of the Amended Complaint, asserting that Nichols' allegations against him do not constitute a claim for deliberate indifference. ECF No. 63-1.

The Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees to receive adequate medical care. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (stating that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care" to pretrial detainees "who require it") (citation omitted)). Pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). While the Fourth Circuit recognized that a pretrial detainee's

protections under the Constitution could arguably be "greater" than those afforded to convicted prisoners, it historically adopted the deliberate indifference standard applicable under the Eighth Amendment for pretrial detainees. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Since *Hill*, however, the United States Supreme Court has called into question the equivalence between the standards applied to claims by pretrial detainees and those applied to claims by post-conviction inmates.

In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Court held that, unlike the standard applied to post-conviction detainees' excessive force claims under the Eighth Amendment, the standard for pretrial detainees' excessive force claims under the Fourteenth Amendment includes no subjective component. *Id.* at 396–97. Several circuits have extended this reasoning to hold that the standard for pretrial detainees' claims of inadequate medical care under the Fourteenth Amendment should likewise not include a subjective component. *See, e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018)).

In *Short v. Harman*, the Fourth Circuit joined with its sister circuits and held that the *Kingsley* objective standard for Fourteenth Amendment claims "protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" 87 F.4th 593, 608–09 (4th Cir. 2023) (quoting *Kingsley*, 576 U.S. at 396–97). "To state a claim of deliberate indifference to a medical need . . . a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short*, 87 F.4th at 611. This means that a pretrial detainee "no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id.*

Defendant asserts that Nichols' allegations merely state disagreement with the course of treatment rather than deliberate indifference. ECF No. 63-1 at 4. Defendant argues that Nichols has not adequately described the "bone healing machine" he needed nor how it was meant to treat his injury. *Id.* Moreover, Defendant contends that Nichols only asserts that he did not

3

follow Dr. Yeh's recommendation rather than that Defendant failed to treat Nichols' arm fracture at all. *Id.* Similarly, Defendant asserts that Nichols' allegation that he was not sent to pain management is a disagreement in a treatment decision, and Nichols does not allege that Defendant failed to treat his pain stemming from the broken arm. *Id.*

In opposition, Nichols reasserts that Defendant did not have him use the "bone stimulater [sic] machine for 5 days" despite having a fractured arm, causing his arm to heal improperly. ECF No. 65 at 1. Nichols also claims that Defendant gave him the wrong pain medication, gabapentin 300 mg, which were ineffective. *Id.* However, the allegation regarding pain medication was not raised in the Amended Complaint, and the Court will not consider it here. Defendant asserts that Nichols' response fails to address the defects in the pleadings. The Court agrees.

Even assuming Nichols' fractured arm presents a serious injury, he fails to establish the other necessary elements of a deliberate indifference claim. Nothing in the pleadings suggests that Defendant intentionally or recklessly addressed or failed to address Nichols' injury. Nichols does not explain why he needed the bone stimulator nor what the risk was if he did not use it. He also fails to allege what risk not seeing a specific pain management doctor posed to him. Based on his opposition, it appears that even though he did not see a specialist, he was being provided with pain medication. As such, the Court finds that Nichols' allegations fail to adequately state a claim for deliberate indifference under the Fourteenth Amendment.

## Conclusion

For the foregoing reasons, Defendant's Motions to Dismiss will be granted and the Amended Complaint dismissed. A separate Order follows.

Sept 29, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge

4